UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRODERICK V. BULLOCK, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-02020-TWP-KMB |
| | ) | |
| MARION COUNTY SHERIFF'S OFFICE, | ) | |
| TRINITY SERVICES GROUP, INC, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on several motions related to discovery and summary judgment filed by the parties. After screening the Complaint, the Court allowed Plaintiff Broderick Bullock ("Bullock") to proceed on his Fourteenth Amendment claims against Defendants Marion County Sheriff's Office ("MCSO") and Trinity Services Group, Inc. ("Trinity") (collectively the "Defendants") (Dkt. 20). Bullock alleges the Defendant had a policy of ignoring Marion County Jail inmates' food allergies, leading him to suffer allergic reactions. *Id*.

The following motions filed by Bullock are discussed in this Order: Motion for Default Judgment and Motion for Sanctions (Dkt. 99), Motion for Sanctions, (Dkt. 118), Motions Requesting Past Due Q and A's, (Dkts 119, 120), Motion for Courts Ruling and Plaintiff's Notice Regarding Compliance (Dkt. 129), Motion to Strike Docket Nos. 121 and 122 (Dkt. 123). Defendant Trinity's Motion for Joinder, (Dkt. 144) is discussed in this Order and Defendant MCSO's Motion to Strike, (Dkt. 159) and Motion for Joinder, (Dkt. 160) are also discussed below. The Court also issues a warning to Bullock concerning duplicative, voluminous and unnecessary filings.

## I. <u>RELEVANT PROCEDURAL BACKGROUND</u>

Bullock is currently incarcerated at Wabash Valley Correctional Facility. On June 10, 2026, the Magistrate Judge held a discovery conference with the parties following a series of discovery disputes. The Magistrate Judge ordered Defendants to respond to Bullock's discovery requests at Docket Nos. 78 and 80 within 30 days of the Court's order on July 12. (Dkt. 89). During the conference the discovery deadline was extended to July 24, 2026 and the dispositive motion deadline for Defendants was extended to August 24. *Id.*

Before the discovery conference, Bullock had filed several repetitive motions for summary judgment and motions requesting that the Court find in his favor on the merits of his claims, which the Court construed as motions for summary judgment. (*See* Dkts. 49, 64, 65, 79, 81, 82). During the conference, the Magistrate Judge informed Bullock that he may only file *one* motion for summary judgment. (Dkt. 89 at 2). Bullock represented that he understood this and that his intention in filing his Amended Motion for Summary Judgment at Dkt. 81 was to have that motion be his motion for summary judgment. *Id.* The Court then ordered Defendants to respond to the summary judgment motion at Dkt. 81 by July 8, 2026. *Id.* The Court also ordered that Bullock may not file any additional motions for summary judgment. *Id.*

On June 30, Defendants moved to extend the time to respond to Bullock's motion for summary judgment, citing the fact that they could not schedule his deposition until July 12, 2026. (Dkt. 95). The Court granted the motion and eventually extended the deadline to respond to Bullock's motion to August 24, 2026. (*See* Dkts. 98, 102). In extending the deadline to file a response, the Court ordered Bullock to file "one combined reply in support of his motion and a response in opposition to the defendants' motion no later than September 21, 2026." (Dkt. 102).

## II. BULLOCK'S MOTION FOR DEFAULT JUDGMENT AND SANCTIONS

On July 1, 2026, Bullock filed a Motion for Default Judgment and Motion for Sanctions, opposing Defendants' motions to extend the time to respond to his summary judgment. (Dkt. 99). Bullock argues that default and sanctions are warranted because Defendants' request was frivolous and the Court did not sign or date the order granting the extension of time.

On these facts, there is no basis to sanction Defendants, let alone enter a default judgment. To the extent Bullock is seeking sanctions under Federal Rule of Civil Procedure 11, there is no evidence that he complied with the "safe harbor" provision of Rule 11(c)(2) before filing his motion. *See* Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."). To the extent he seeks sanctions under 28 U.S.C. § 1927 or the Court's inherent authority, there is no evidence that the request for more time to respond to his summary judgment motion was unreasonable or made in bad faith. *See* 28 U.S.C. § 1927 (the court may sanction any attorney who "so multiplies the proceedings in any case unreasonably and vexatiously"); *Webb v. Frawley*, 906 F.3d 569, 583 (7th Cir. 2018) (internal quotations and quoted authority omitted) (attorneys violate § 1927 if they "act[] in an objectively unreasonable manner by engaging in a serious and studied disregard for the orderly process of justice" or "file[] a claim that lacks a plausible legal or factual basis or justification"); *Vega v. Chicago Bd. of Ed.*, 109 F.4th 948, 956 (7th Cir. 2024) (citations omitted) (to sanction a party under the Court's inherent authority, the Court must find that the party "willfully abused the judicial process or otherwise conducted litigation in bad faith").

Furthermore, the Court granted Defendants' motion and their responses at Docket Nos. 132 and 135 are timely. For all these reasons, Bullock's motion for default judgment and sanctions, (Dkt. 99) is **denied**.

## III. BULLOCK'S DISCOVERY-RELATED MOTIONS FOR SANCTIONS AND MOTIONS TO COMPEL (DKTS. 118, 119, 120)

On July 16, 2026, Bullock filed a Motion for Sanctions, asking the Court to impose sanctions on Defendants' counsel because they had not responded to the discovery requests by the deadline imposed by the Court during the discovery conference. (Dkt. 118). On July 20 and July 21, 2026 Bullock filed what the Court construes to be motions to compel Defendants to provide the above-described discovery responses. (Dkts. 119, 120). Defendants responded that they mailed Bullock the discovery requests on July 10, three days before the deadline and filed notice with the Court that same day. (Dkt. 124). Defendants also filed their responses on the docket as an exhibit to their response. *See* Dkt. 124-1. Bullock's reply does not dispute that Defendants mailed the discovery responses on July 10, 2026 and instead takes issue with Defendants' repeated requests for extensions. (Dkt. 130). Bullock also claims that he did not have access to the discovery responses on the deadline of July 13, 2026. *Id.*

Under Rule 16(f), a court may issue "any just orders," including those authorized by Rule 37(b)(2)(A), if a party fails to obey a pretrial order. Fed. R. Civ. P. 16(f). Courts also may impose sanctions for discovery violations under their inherent authority if a party "willfully abuses the judicial process or litigates in bad faith." *Donelson v. Hardy*, 931 F.3d 565, 569 (7th Cir. 2019). Regardless of the source of authority, any sanctions imposed "must be proportionate to the circumstances." *Rice v. City of Chicago*, 333 F.3d 780, 784 (7th Cir. 2003). Factors relevant to proportionality include "the extent of the misconduct, the ineffectiveness of lesser sanctions, the harm from the misconduct, and the weakness of the case." *Id.*

Here, the evidence does not support imposing sanctions on Defendants. Defendants represent, and Bullock does not dispute, that they mailed their discovery responses to him on July 10—three days before the deadline. The fact that Bullock did not receive the responses on July 13, 2026 is not a reason to impose sanctions. *See* Fed. R. Civ. P. 5(b)(2)(C) (when service is made by mail, service is complete upon mailing). Furthermore, the deadlines for discovery and dispositive motions were extended and Bullock has not shown how the delay prejudiced him in any way.

Last, as Defendants point out, Bullock did not follow the Court's scheduling order by filing certification that he tried to resolve the discovery dispute with Defendants' counsel before seeking Court involvement, as required. (*See* Dkt. 55 at 7) ("Motions to compel must also 'include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.' Fed. R. Civ. P. 37(a)(1)."). Accordingly, Bullock's motions, (Dkts. 118, 119, 120,) are **denied**.

## IV. BULLOCK'S MOTION FOR COURT'S RULING AND PLAINTIFF'S NOTICE REGARDING COMPLIANCE (DKT. 129)

On August 11, 2026, Bullock filed a motion seeking a ruling in response to Defendants' notice of his non-compliance during the deposition and request for sanctions. (*See* Dkts. 125, 126). Bullock represents that he meaningfully participated in his deposition and takes issue, once again, with Defendants' request to extend the deadline to file their dispositive motions. (Dkt. 129). Because Defendants do not have a motion for sanctions before the Court, there is nothing to resolve. Bullock's Motion for Ruling, (Dkt. 129), is therefore **denied**.

## V. DEFENDANTS' MOTIONS TO STRIKE/JOINDER (DKTS. 123, 144, 159, 160)

As noted above, Bullock was ordered not to file *any* additional motions for summary judgment. *See* Dkt. 89. Since then, Bullock has filed what the Court construes to be six motions for summary judgment or motions requesting that the Court rule in Bullock's favor on the merits.

(*See* Dkts. 121, 122, 141, 167, 169, 170). Defendants have moved to strike the first two motions for summary judgment, (Dkt. 123,) and Defendant MCSO filed a response in opposition to the motion at Docket No. 141, which Defendant moved to join, Dkt. 144.

Finding that Bullock's repetitive motions for summary violate the Court's order following the discovery conference, Defendants' motion to strike the motions for summary judgment at Dkt. 121 and Dkt. 122, (Dkt. 123) is **granted.** Additionally, Bullock's subsequent motions for summary judgment at Dkts. 141, 167, 169, and 170 are **stricken.** Defendant MCSO's motion for joinder, (Dkt. 144), is **granted**.

On September 21, 2026, Defendant MCSO filed a motion to strike Bullock's ten supplemental filings in response to its Motion for Summary Judgment and to Stay the Deadline to file a reply to Bullock's response. (Dkt. 159). Defendant Trinity filed a motion to join MCSO's motion to strike, requesting that the Court also strike Bullock's Notices to the Court at Dkts 146 and 148. (Dkt. 160). Defendants argue that Bullock's supplemental filings violate Local Rule 56-1(b)–(c) and the Court's order to Bullock to file one combined response to Defendants' motion for summary judgment. (*See* Dkt. 102).

Because Bullock has been warned about repetitious filings and instructed by the Court to file one combined reply and one response brief to Defendants' motions for summary judgment, the MCSO's motion to strike, (Dkt. 159), and Trinity's motion to join, (Dkt. 160) are **granted in part**, to the extent that the **CLERK IS DIRECTED** to **strike** the following docket entries: Dkts. 145, 146, 147, 148, 151, 152, 153, 154, 155, 156, 157, and 158.

The motions are **denied in part**, as the Court will not strike Bullock's response at Dkt. 149 because it responds directly to Trinity's motion for summary judgment. To the extent that Trinity's reply brief does not consider Bullock's response, Trinity may file a supplemental brief within **14**

**days** of this order. And the Court will not strike Dkt. 150 because it reads as Bullock's combined reply in support of his motion for summary judgment at Docket No. 81, although it was docketed as a reply in support of a subsequent, now stricken, motion for summary judgment. Defendants' request to stay the deadline to reply is denied as moot since both parties have filed timely reply briefs.

## VI. ADMONISHMENT AND WARNING TO BULLOCK

As seen above, Bullock has filed numerous motions in this action. His voluminous and repetitious motions are a significant drain on the Court's ability to process and consider his cases and those of many others with pending cases before the Court. Some of the motions may be meritorious, and Bullock is entitled to litigate his claims earnestly and receive the same attention and thoroughness the Court would afford any other party. **But he is not entitled to monopolize the Court's resources by repeatedly filing the same materials or raising the same issues, and he must wait until the Court rules on a pending motion before filing a related or the same motion.** Further, Bullock also is not entitled to repeatedly present the same issues in search of a favorable ruling.

"Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989); *see also United States ex rel. Verdone v. Circuit Court for Taylor County*, 73 F.3d 669, 671 (7th Cir. 1995) ("Frivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders."). The Court will not sanction Bullock at this time for these repeated filings, but he is hereby warned to be

cautious in the future with his filings. "District judges have the inherent authority to impose sanctions—including dismissal—when a litigant engages in conduct that abuses the judicial process." *White v. Williams*, No. 10- 2400, 423 F. App'x 645, 646 (7th Cir. June 7, 2011). **If Bullock continues to drain the Court's and Defendants' resources by filing repetitious and frivolous motions, the Court may issue sanctions, including dismissing this case.**

## VII. CONCLUSION

For the reasons explained in this Order, Plaintiff's Motion for Default Judgment and Motion for Sanctions, Dkt. [99], is **DENIED**. The Motion for Sanctions, Dkt. [118], is **DENIED**. The Motions Requesting Past Due Q and A's, Dkts. [119], [120], are **DENIED**. The Motion for Courts Ruling and Bullock's Notice Regarding Compliance, Dkt. [129] is **DENIED**.

Defendants' Motion to Strike Docket Nos. 121 and 122, Dkt. [123], is **GRANTED**. Defendant Trinity's Motion for Joinder, Dkt. [144], is **GRANTED**. Defendant MCSO's Motion to Strike, Dkt. [159], and Defendant Trinity's Motion for Joinder, Dkt. [160] are **GRANTED** to the extent explained above.

The **CLERK IS DIRECTED TO STRIKE** Dkts. [121], [122], [141], [145], [146], [147], [148], [151], [152], [153], [154], [155], [156], [157], [158], [167], [169], and [170].

Bullock is warned and admonished that if he continues to drain the Court's and Defendants' resources by filing repetitious and frivolous motions, the Court may issue sanctions, including dismissing this case.

**IT IS SO ORDERED.**

Date: November 16, 2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

BRODERICK V. BULLOCK, SR.
111916
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

All ECF-registered counsel of record